O

# United States District Court
# Central District of California

| | |
|---|---|
| LEEMANUEL WEILCH,<br><br>   Plaintiff,<br><br>   v.<br><br>LEXLUX ASSOCIATES, LP; and DOES 1–10,<br><br>   Defendants. | Case № 2:20-CV-07517-ODW (PDx)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT [17]** |

## I.   INTRODUCTION

Plaintiff Leemanuel Weilch moves for entry of default judgment against Defendant Lexlux Associates, LP ("Defendant"). (Mot. for Default J. ("Motion" or "Mot.") 1, ECF No. 17-1.)  For the reasons discussed below, the Court **DENIES** Weilch's Motion.[1]

## II.   BACKGROUND

Weilch requires a wheelchair for mobility at all times when traveling in public. (Compl. ¶ 4, ECF No. 1.)  He alleges that Defendant is "the real property owner, business operator, lessor and/or lessee, of the real property" for Ramona's Mexican

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Food ("Business") located at 16300 Crenshaw Boulevard in Torrance, California. (*Id.* ¶ 5.) Weilch claims he visited the Business on March 11, 2020, and April 18, 2020, but both times he was unable to enter the Business due to a lack of accessible parking. (*See id.* ¶ 10.) Specifically, Weilch alleges the Business's parking space lacked: (1) paint outlining a van accessible parking space, (2) a "NO PARKING" warning, (3) an access aisle with the necessary width for van accessible parking, (4) the International Symbol of Accessibility logo, and (5) the proper slope levelling for access aisles and parking surfaces. (*Id.* ¶¶ 20, 22, 24.) Weilch asserts that the lack of accessible parking at the Business previously denied him access and currently deter him from returning until accessible parking is provided. (*Id.* ¶ 11.)

Weilch filed this action on August 19, 2020, asserting claims under Title III of the Americans with Disabilities Act ("ADA") and California state law. The Court declined to exercise supplemental jurisdiction over Weilch's construction-related accessibility state law claims and dismissed them without prejudice. (Order Declining Suppl. Jurisdiction 10, ECF No. 12.) Weilch served Defendant with the Summons and Complaint on September 23, 2020. (Proof of Service, ECF No. 13.) Defendant failed to answer or otherwise respond to the Complaint, and Weilch requested an entry of default on November 20, 2020. (Req. for Entry of Default, ECF No. 14.) The Clerk entered default on November 23, 2020. (Entry of Default, ECF No. 15.) Now, Weilch moves for default judgment. (Mot.)

### III. LEGAL STANDARD

Plaintiffs seeking default judgment must meet certain procedural requirements, as set forth in Federal Rule of Civil Procedure ("Rule") 55 and Central District of California Local Rule ("Local Rule") 55-1. *See* Fed. R. Civ. P. 55; C.D. Cal. L.R. 55-1; *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Once the procedural requirements are satisfied, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Generally, a defendant's liability is conclusively

established upon entry of default by the Clerk, and well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Still, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Rather, the court considers several factors in exercising its discretion, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th. Cir. 1986).

## IV. DISCUSSION

The second and third *Eitel* factors are dispositive here, so the Court begins with them. These two factors address the merits of the claims and the sufficiency of the complaint. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings . . . are not binding and cannot support the judgment."). Although well-pleaded allegations in the complaint are deemed admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning*, 572 F.2d at 1388).

Weilch seeks relief under the ADA. (*See* Compl. ¶¶ 15–26.) To prevail on this claim, Weilch must show, among other things, that he "was denied public accommodations by the defendant because of his disability," and that "the existing facility at the defendant's place of business [or property] presents an architectural

barrier prohibited under the ADA." *Vogel*, 992 F. Supp. 2d at 1007–08 (alteration in original) (quoting *Molski v. M.J. Cable Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)). "Architectural barriers" are defined by reference to the ADA Accessibility Guidelines (the "ADAAG"). *See Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Relevantly, a public accommodation need only provide accessible parking "*[w]here parking spaces are provided*." *See* 2010 ADAAG § 208.1 (emphasis added); *see also id.* § 208 (setting forth accessibility requirements for parking spaces).

Here, Weilch fails to establish the existence of architectural barriers at Defendant's property. Weilch alleges a list of violations related to parking spaces without establishing that Defendant provides parking to the public. (Compl. ¶¶ 10, 20, 22, 24.) Without alleging that Defendant provides public parking, Weilch fails to establish that Defendant failed to comply with the parking requirements of the ADAAG. *See Grigsby v. Tecomate Corp.*, No. 2:19-CV-08735-ODW (KSx), 2021 WL 134583, at *3 (C.D. Cal. Jan. 14, 2021) (finding the plaintiff failed to establish an architectural barrier as he did not demonstrate the defendant provided parking to its customers).

Furthermore, many of Weilch's allegations are devoid of factual support. In fact, much of Weilch's Complaint is just a recitation of various ADAAG violations coupled with conclusory allegations that provisions have been violated. By way of example, Weilch alleges Defendant "failed to provide the access aisle with the minimum width of 96 inches" without identifying what is currently present for comparison. (*See* Compl. ¶ 20.) Similarly, Weilch asserts Defendant fails to provide level parking, without indicating what kind of slope is present at Defendant's property. (*See id.* ¶ 24.)

In sum, even accepting the well-pleaded factual allegations in the Complaint as true, Weilch fails to state a claim under the ADA. *See Cripps*, 980 F.2d at 1267. Because the second and third *Eitel* factors demonstrate default judgment is improper,

the Court need not assess the remaining factors. *See Brooke v. Sunstone Von Karman, LLC*, No. 8:19-CV-00635-JLS (ADSx), 2020 WL 6153107, at *3 (C.D. Cal. Aug. 25, 2020). However, leave to amend is appropriate because Weilch's failure to state a claim is based on insufficient allegations which could theoretically be cured. *Id.*

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Weilch's Motion for Default Judgment. (ECF No. 17.) The Court accordingly **DENIES** Weilch's request for attorneys' fees. The default previously entered against Defendant is hereby **SET ASIDE**. (ECF No. 15.) If Weilch chooses to amend his Complaint to address the deficiencies identified herein, any amended complaint must be filed and served within twenty-one (21) days of the date of this Order. Failure to timely amend will result in dismissal of this action.

**IT IS SO ORDERED.**

March 9, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**